**Moises FLORES–ARTEAGA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**Moises Flores–Arteaga, Petitioner,**

v.

**Alberto R. Gonzales, Attorney General, Respondent.**

Nos. 05–74254, 05–75972.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 2007.

Filed April 30, 2007.

Robert Pauw, Esq., Signe Dortch, Esq., Gibbs Houston Pauw, Seattle, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Karen Y. Stewart, Esq., U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

Before: KOZINSKI and FISHER, Circuit Judges, and GUILFORD,* District Judge.

MEMORANDUM **

1. To the extent we have jurisdiction to review the BIA's discretionary decision not to grant section 212(c) relief, we conclude

---

3. *See Id.*

* The Honorable Andrew J. Guilford, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that the BIA acted within its discretion in re-weighing the equities in light of the seriousness of petitioner's conviction. *See* 8 C.F.R. § 1003. 1(d)(3)(ii). The BIA did not misinterpret Washington State law, engage in impermissible fact-finding or create a per se rule against granting relief.

2. The IJ and BIA did not abuse their discretion in denying petitioner's first motion to reopen because petitioner improperly filed the motion with the IJ rather than the BIA. *See* 8 C.F.R. §§ 1003.2(a), 1003.23(b)(1). In any event, there was no prejudice because the BIA subsequently considered the additional evidence in response to his second motion to reopen and was "not persuaded that the evidence submitted with this motion, considered with the evidence of record, supports reopening for further consideration of the exercise of discretion, which is ultimately dispositive of the application for a 212(c) waiver." We lack jurisdiction to second-guess the BIA's discretionary decision. *See* 8 U.S.C. § 1252(a)(2)(B).

3. Petitioner does not dispute that he needed a discretionary waiver to adjust his status and that the BIA had already denied such discretionary relief in its prior decision. We thus lack jurisdiction to review the denial of the second motion to reopen because the evidence "presented was not so different in kind from what was before the IJ as to constitute an application for new relief rather than a request for reconsideration." *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006). Nor has petitioner "overcome the presumption that the BIA did review the record" so as to establish a colorable due process violation. *Id.*

* The Honorable Ronald M. Whyte, United States District Judge for the Northern District

**DENIED in part and DISMISSED in part.**